JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
TOKIKO YASUDA (SBN 257128)
tokiko@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorneys for Applicants,
Shueisha, Inc., Shogakukan Inc.,
KADOKAWA CORPORATION,
and Kodansha Ltd.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>SHUEISHA, INC., SHOGAKUKAN INC., KADOKAWA CORPORATION and KODANSHA LTD.,<br>　　　　　　　　　　　Applicants.<br>_____ | Case No: 3:22-mc-80273<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND MEMORANDUM IN SUPPORT** |

Applicants, Shueisha Inc.("Shueisha"), Shogakukan Inc. ("Shogakukan"), KADOKAWA CORPORATION ("KADOKAWA"), and Kodansha Ltd. ("Kodansha"), each a Japanese corporation (collectively as "Applicants"), hereby apply to this Court ex parte for an order permitting discovery for use in a court proceeding in Japan and potentially in Vietnam pursuant to 28 U.S.C. § 1782 from Paypal Holdings, Inc. ("Paypal"), Mastercard International Incorporated ( "Mastercard"), Google, LLC ("Google"), PayPal, Inc., doing business as Braintree ("Braintree"), Stripe, Inc. ("Stripe"), and Microsoft Corporation ("Microsoft") (collectively as "Witnesses").

-Page 1 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

The proposed subpoenas attached to this application seek from Witnesses documents and information relating to certain Paypal, Mastercard, Google, Braintree, Stripe and Microsoft accounts used by infringers who illegally copied and uploaded an extensive amount of the Applicants' copyrighted comic books on their pirate websites located at the following infringing websites: https://mangaraw.co/, https://mangaraw.vip/, https://mangaraw.lol/, https://cm.blazecloud.org/, https://cm.cloudblaze.co/, https://mangagohan.me/, and https://mangakala.com/.

This application is supported by the memorandum in support below, the declarations of of Junji Suzuki ("Suzuki Decl."), Hiroyuki Nakajima ("Nakajima Decl."), and Pham Thi Anh Ngoc ("Ngoc Decl."). Nakajima and Ngoc are attorneys in Japan and Vietnam, respectively, who represent Applicants in connection with anticipated lawsuits in Japan and Vietnam against the Infringers.

**I.    BACKGROUND**

Each of Applicants[1] is a well-known publisher in Tokyo, Japan of a wide variety of genres and mediums, including comic books, literature, magazines, and educational books. Nakajima Decl. ¶ 4. It has recently come to Applicants' attention that certain owners and operators of the pirate websites (each the "Infringer" and collectively the "Infringers") located at https://mangaraw.co/, https://mangaraw.vip/, https://mangaraw.lol/, https://cm.blazecloud.org/, https://cm.cloudblaze.co/, https://mangagohan.me/, and https://mangakala.com/, respectively (collectively the "Infringing Websites"), using services provided by Witnesses, had been uploading an extensive amount of unauthorized copies of the Applicants' copyrighted comic books on their Infringing Websites. Such illegal copies mostly contain the entire pages of the book or volume and some of the illegal copies were uploaded on the Infringing Websites soon after publication. The Infringers, the infringing copies located at the Infringing Websites (collectively the "Infringing Work"), and the comic books, the exclusive right of which are owned by Applicants (collectively the "Original Work"), are

---

[1] https://www.shueisha.co.jp/en/; https://www.shogakukan.co.jp/en/company; https://group.kadokawa.co.jp/global/company/outline.html; and https://www.kodansha.com/

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

identified in Exhibit A attached to Nakajima Decl., concurrently submitted with this application. *Id*. ¶ 5.

According to Nakajima, Applicants' Japanese attorney, and Ngoc, Applicants' Vietnamese attorney, the Infringing Work constitutes copyright infringement under both Japanese and Vietnamese laws. Nakajima Decl. ¶ 6; Ngoc Decl. ¶ 5.

Therefore, Applicants intend to bring a lawsuit in Japan or Vietnam against the Infringers as soon as their identities have been ascertained through the discovery sought by this application. Nakajima Decl. ¶ 7; Ngoc Decl. ¶ 5.

Applicant Shueisha first attempted to obtain the identifying information about the Infringers through subpoenas issued under 17 U.S.C. § 512(h) (collectively as the "DMCA Subpoena") from Cloudlfare, Inc. ("Cloudflare"), which provided online and network services to the Infringers. However, such efforts did not produce the information sufficient to locate the Infringers. A copy of the DMCA subpoena served on Cloudflare and the relevant part of the response and documents produced by Clodulfare (collectively the "Cloudflare Response") to the subpoena are attached to Suzuki Decl. as Exhibit A and B, respectively. Suzuki Decl. ¶ 2-3. Applicants Shogakukan, KADOKAWA, and Kodansha also sent a notice under 17 U.S.C. § 512(c)(3) to Cloudflare. Nakajima Decl. ¶ 5. According to Nakajima and Ngoc, since Cloudflare does not verify the identity of a service user, the name, or address produced by Cloudflare in response to the DMCA Subpoena do not necessarily reveal the true identity of the Infringers and IP addresses are the most effective and reliable information to locate the Infringers. The Cloudflare Response revealed that the Infringers used the services provided by Witnesses in connection with their Infringing Websites. Nakajima Decl. ¶ 9; Ngoc Decl. ¶ 4. Based on the Cloudflare Response and Ngoc's investigation, the IP addresses produced in the Cloudflare Response belong to Vietnam Posts and Telecommunications Group and Vietnam Telecom National. Ngoc Decl. ¶ 4. However, in Vietnam, with certain exceptions, there is no legal remedy available for a third party company to obtain identifying information of the users from telecommunication companies based on copyright infringement[2]. *Id*.

---

[2] Law No. 41/2009/QH12 dated November 23, 2009 of the National Assembly of the Socialist Republic of Vietnam on Telecommunications.

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

In order to identify the Infringers who committed unlawful acts against Applicants through their pirate websites, it is crucial for Applicants to obtain the additional and more reliable information relating to the Infringers, i.e. the information relating to the Witnesses' accounts associated with the Infringer and the Infringing Work, including the names, addresses, telephone numbers, email addresses, and IP addresses used and registered by the Infringers with their Witnesses' accounts on the most recent date and at the time each of their payment was made to Cloudflare for the services provided in connection with the Infringing Websites. Nakajima Decl. ¶ 8, 10-12; Ngoc Decl.  ¶ 4.

## II.     ARGUMENT

### A.   Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of  the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."  *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

-Page 4 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

**B.  Applicants' Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

    **1.  Witnesses From Whom Discovery Is Sought Are Located in This District.**

Paypal[3], Mastercard[4], Google[5], Braintree[6], Stripe[7] and Microsoft[8] from whom the discovery requested in this application is sought, are located in San Jose, San Francisco, Mountain View, San Francisco, South San Francisco, and San Francisco, California, respectively.  Therefore, Witnesses are within this Court's district.

    **2.  The Requested Discovery Is for Use in a Court Proceeding in Japan or Vietnam.**

The discovery requested in this application must be for "use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).  The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is sufficient that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicants intend to bring a lawsuit in Japan or potentially in Vietnam against the person associated with the Witnesses' accounts in question as soon as the person's identity has been ascertained through the discovery sought by this application.  Nakajima Decl. ¶ 7, 10. Ngoc Decl. ¶ 1.  Thus, the requirement that the discovery be for use in a foreign proceeding is met.

//

//

---

[3] https://about.pypl.com/who-we-are/history-and-facts/default.aspx
[4] https://www.mastercard.us/en-us/vision/who-we-are/global-locations.html
[5] https://about.google/intl/en_us/locations/?region=north-america
[6] https://www.braintreepayments.com/contact
[7] https://stripe.com/privacy-center/legal#which-stripe-entities-are-involved; https://bizfileonline.sos.ca.gov/search/business (STRIPE, INC. (3635817))
[8] https://www.microsoft.com/en-us/about/officelocator/all-offices

-Page 5 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

3. **Applicants Are Interested Parties under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As plaintiffs in the anticipated litigation in Japan or Vietnam, Applicants are clearly interested persons under 28 U.S.C. § 1782.

C. **Applicants' Application Further Meets All of the Discretionary Factors under *Intel*.**

1. **Any of Witnesses Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Any of Witnesses is not a participant in the prospective lawsuit in Japan or Vietnam. Nakajima Decl. at ¶ 18. Ngoc Decl. ¶ 6 . Additionally, the documents that Applicants seek are located in the United States and not in Japan or Vietnam. Thus, they are out of reach of the Japanese or Vietnamese court's jurisdiction.

2. **The Requested Information Is Crucial to Applicants' Bringing Lawsuit in Japan or Vietnam and the Japanese and Vietnamese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

In order to identify the person who committed unlawful acts against Applicants through the Witnesses' accounts in question for purposes of bringing a lawsuit against such person in

-Page 6 of 9-
**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Japan or Vietnam, it is crucial for Applicants to obtain the sufficient information relevant to the Paypal, Mastercard, Google, Braintree, Stripe and Microsoft accounts used by the Infringers. Nakajima Decl. ¶ 8-11. Ngoc Decl. ¶ 4.

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been receptive to the discovery assistance made by the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012). Vietnamese courts would be also receptive to this court's assistance. *In re Request for Judicial Assistance from the People's Court of Da Nang City, Vietnam in the Matter of Van Thang Huynh, et al.,* Case No. 1:19-cv-02750, N.D. Ill. May 2, 2019.

**3. Applicants' Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.**

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

Applicants are not aware of any restrictions imposed by or any policies under Japanese or Vietnamese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Nakajima Decl. ¶ 19. Ngoc Decl. ¶ 6. In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well. *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994). Courts have also granted 28 U.S.C. § 1782 applications for the use in the proceedings in Vietnam. *In re the People's Court of Da Nang City, Vietnam. In re Shogakukan, Inc., et al.*, Case No. 5:21-mc-80071-SVK, N.D. Cal. May 10, 2021.

**4. Applicants' Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.**

-Page 7 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1   "Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel.* at 265.

2   As shown in the proposed subpoenas to Witnesses attached to the proposed order
3   submitted with this application, the discovery requested by Applicants is narrowly tailored and
4   limited to the discovery materials related to the Witnesses' accounts relating to the Infringer
5   and Infringing Work through which the identity of the defendant(s) to the anticipated Japanese
6   or Vietnamese lawsuit could be ascertained and nothing further.

7   First, the proposed subpoena does not seek disclosure of the content of any
8   communications associated with the Witnesses' accounts subject to the proposed subpoenas.
9   *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013
10  WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et
11  seq).

12  Second, the proposed subpoena only seeks disclosure of names, telephone numbers and
13  addresses of the person(s) whose payment method is associated with each of the Witnesses'
14  accounts subject to the said subpoena.  It does not seek disclosure of credit card numbers,
15  bank account numbers, or any other sensitive information.  *In re Medical Corporation H&S*,
16  Case No. 5:19-mc-80058-VKD, N.D. Cal. May 15, 2019 (granted application seeking
17  disclosure of name and address of credit card holder registered on Google Account).

18  However, it is highly unlikely that the perpetrators have provided their true name and
19  address to Witnesses when they created an account with Witnesses to use their services.
20  Thus, the names and addresses Witnesses may have on file in connection with the Witnesses
21  accounts subject to the proposed subpoena, even if they are disclosed in response to the
22  proposed subpoena, would highly likely to be fictitious and would not help Applicants
23  identify the Infringers.  In such case, an access log is the only available information that
24  could identify the perpetrators.  The access logs recorded only when users make a payment
25  through Witnesses to Cloudflare or used Witnesses' services relating to the Infringing
26  Website are not sufficient to identify the Infringer.  Nakajima Decl. ¶ 13-17.  Furthermore,
27  access logs contain no private information of the Witnesses' accounts subject to the proposed
28  subpoenas. Access logs only disclose time stamps (showing when the Witnesses' accounts holders accessed) and IP addresses. Any other private information (e.g. information about

-Page 8 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

what websites the holders may have accessed, what action they took, etc.) is not disclosed. To sufficiently identify the Infringer, it is crucial to obtain the information highly likely to be true, which is name, address, email addresses, and/or telephone numbers for verification purposes and the payment methods registered with the Infringers' Witnesses' accounts. The Infringers are highly likely to use and provide the true information for such purposes as required to use the Witnesses' services. *Id.* ¶ 11.

### III.   CONCLUSION

For the reasons stated above, Applicants respectfully request that this Court grant this application and permit that it issues the subpoenas to Witnesses attached to the proposed order submitted with this application.

Dated: October 14, 2022

Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By: _____
Junji Suzuki
Attorneys for Applicants,
Shueisha Inc., Shogakukan Inc.,
KADOKAWA CORPORATION,
and Kodansha Ltd.

-Page 9 of 9-
**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support