UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SHUEISHA INC. ET AL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 22-mc-80273-JSC<br><br>**ORDER RE: § 1782 DISCOVERY REQUEST**<br><br>Re: Dkt. Nos. 1, 11 |

Shueisha Inc.("Shueisha"), Shogakukan Inc. ("Shogakukan"), KADOKAWA CORPORATION ("KADOKAWA"), and Kodansha Ltd. ("Kodansha") (collectively "Applicants"), Japanese corporations, apply *ex parte* for an order to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1 at 1-2.)[1] Applicants seek discovery from Paypal Holdings, Inc. ("Paypal"), Mastercard International Incorporated ("Mastercard"), Google, LLC ("Google"), PayPal, Inc., doing business as Braintree ("Braintree"), Stripe, Inc. ("Stripe"), and Microsoft Corporation ("Microsoft") (collectively "Witnesses") to bring copyright infringement proceedings in Japan and, potentially, in Vietnam. (Dkt. No. 1 at 1-2.) Mastercard objects to some of Applicants' discovery, arguing they do not collect the information. (Dkt. No. 11 at 2.) The Court GRANTS this application with amendments to the proposed subpoena as requested by Mastercard.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

Applicants publish a wide variety of literature, including comic books, magazines, and educational books. (Dkt. No. 1 at 1-2.) They allege several websites using Witnesses' services provide electronic, unauthorized copies of Applicants' copyrighted comic books. (Dkt. No. 1 at 2.) Applicants' counsel opine that such copies constitute copyright infringement under Japanese and Vietnamese law, respectively. (Dkt. No. 1 at 3; Dkt. No. 3 at 2-3; Dkt. No. 4 at 3, 5-8.)

To bring copyright infringement suit(s), Applicants require identifying information about the website users who uploaded Applicants' works ("Accused Infringers"). (Dkt. No. 1 at 3.) Applicants seek names, addresses, telephone numbers, email addresses, and IP addresses for Accused Infringers from Witnesses. (Dkt. No. 3 ¶ 15.) Applicants assert the IP addresses are particularly important because, if the other information proves incomplete or inaccurate, Applicants can seek more accurate identifying information from Accused Infringers' internet service provider. (Dkt. No. 3 at 4-6.) The below graphic illustrates how Applicants may use IP addresses to identify Accused Infringers:



(Dkt. No. 3 at 14.) Witnesses are all online-based service companies. (Dkt. No. 3 ¶ 13.) Paypal, Mastercard, Braintree, and Stripe enable Accused Infringers to pay for services. (Dkt. No. 6-1 at

2

4; Dkt. No. 6-2 at 4; Dkt. No. 6-4 at 4-5; Dkt. No. 6-5 at 4.) Google and Microsoft host Accused Infringers' email and/or website accounts. (Dkt. No. 6-3 at 4-5; Dkt. No. 6-6 at 4.)

Applicants tried and failed to acquire identifying information sufficient to sue Alleged Infringers. They sought the identifying information through 17 U.S.C. § 512(h) subpoenas ("DMCA Subpoenas") to Cloudflare, Inc., Accused Infringers' online and network services provider. (Dkt. No. 1 at 3; Dkt. No. 2.) The Cloudflare data revealed names, addresses (often incomplete), email addresses, and IP addresses associated with Accused Infringers. (Dkt. No. 2 at 12-44.) However, Applicants allege the Cloudflare information does not "necessarily reveal the true identity of" the Accused Infringers because Cloudflare does not verify users' names or addresses. (Dkt. No. 3 at 3; Dkt. No. 4 at 2.) Further, the IP addresses belong to Vietnam Posts and Telecommunications Group and Vietnam Telecom National. (Dkt. No. 4 at 2.) Vietnamese law does not provide a means for Applicants to use these IP addresses obtain Accused Infringers' actual IP addresses. (Dkt. No. 4 at 2.) Applicants' Vietnamese counsel opines that no Vietnamese law precludes Applicants' proposed discovery. (Dkt. No. 4 at 3.)

Applicants seek from Witnesses nine accounts' names, addresses, telephone numbers, email addresses, and IP addresses within temporal restrictions ranging from a particular Cloudflare transaction date to the most recent 3 months. (Dkt. No. 1 at 4; Dkt. No. 6-1 at 5; Dkt. No. 6-2 at 4; Dkt. No. 6-3 at 5-6; Dkt. No. 6-4 at 5; Dkt. No. 6-5 at 4; Dkt. No. 6-6 at 4-5.)

Applicants' proposed order includes subpoenas tailoring their discovery request based on Accused Infringers' use of Witnesses' services. For example, the PayPal subpoena requests information related to three Accused Infringers who made payments through PayPal according to the Cloudflare discovery. (Dkt. No. 6-1 at 4.) The Mastercard subpoena requests information for only a single Accused Infringer. (Dkt. No. 6-2 at 4.) For Witnesses PayPal, MasterCard, Braintree, and Stripe, Applicants further tailor the subpoenas to information associated with particular payments indicated by the Cloudflare discovery. (Dkt. No. 6-1 at 5; Dkt. No. 6-2 at 4; Dkt. No. 6-4 at 5; Dkt. No. 6-5 at 4.) For example:

II. **Documents to Be Produced:**

1. All DOCUMENTS showing the most recent information identifying the users of and registered with ALL ACCOUNTS, including but not limited to: all names, telephone numbers, addresses (including postal codes and primary and billing addresses), email addresses, and language.

2. All DOCUMENTS showing all names, telephone numbers and billing addresses of each of all of the payment methods (including credit cards, bank accounts, and PayPal Credit) registered with ALL ACCOUNTS.

3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ACCOUNT 1 on the following dates: (a) at the time each of the 3 payments (Payment 1 through 3) identified in Exhibit 1; and (b) during the last three month from and including the date the last access log was recorded in response to this subpoena.

4. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ACCOUNT 2 on the following dates: (a) at the time each of the 2 payments (Payment 1 through 2) identified in Exhibit 2; and (b) during the last three month from and including the date the last access log was recorded in response to this subpoena.

5. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ACCOUNT 3 on the following dates: (a) at the time each of the 2 payments (Payment 1 through 2) identified in Exhibit 3; and (b) during the last three month from and including the date the last access log was recorded in response to this subpoena.

6. All DOCUMENTS showing the name of the issuing bank or financial institution for any and all of the credit cards or debit cards used by each of ALL ACCOUNTS.

(Dkt. No. 6-1 at 5.) And:

II. **Documents to Be Produced:**

1. All DOCUMENTS showing the most recent information identifying the users of and registered with or relating to ACCOUNT 1, including but not limited to: all names, telephone numbers, addresses (including postal codes and primary and billing addresses), email addresses, and language.

2. All DOCUMENTS showing all names, telephone numbers and billing addresses of each of all of the payment methods (including credit cards and bank accounts) registered with or relating to each of ACCOUNT 1.

3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ACCOUNT 1 on the following dates: (a) at the time each of the 12 payments (Payment 1 through 12) identified in Exhibit 1; and (b) during the last one month from and including the date the last access log was recorded in response to this subpoena.

4. All DOCUMENTS showing the name of the issuing bank or financial institution for any and all of the credit cards or debit cards used by ACCOUNT 1.

(Dkt. No. 6-5 at 4.) For Witnesses Google and Microsoft, Applicants tailor the subpoena to the "most recent" identifying information associated with Accused Infringers' accounts as well as access logs (including IP addresses) for these accounts "during the last three months." (Dkt. No. 6-3 at 5-6; Dkt. No. 6-6 at 4-6.)

Witness Mastercard opposes some requested discovery. (Dkt. No. 11 at 2.) According to Mastercard, the only requested discovery Mastercard collects is "the identity of the issuer(s) of the cards that purchased the respective Cloudflare services in question." (Dkt. No. 11 at 2.) Mastercard requests the Court narrow discovery to: "DOCUMENTS sufficient to identify the issuing bank(s) or financial institution(s) that issued the payment cards used to purchase the Cloudflare services identified at Exhibit 1 [in Applicants' proposed subpoena]." (Dkt. No. 11 at 2.)

## LEGAL STANDARD

Congress enacted 28 U.S.C. § 1782(a) to "provid[e] efficient assistance to participants in international litigation and encourag[e] foreign countries by example to provide similar assistance to our courts." *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004). Section 1782 permits a federal district court to compel discovery for use in a foreign tribunal when the applicant meets several statutory requirements and the discovery does not violate a legal privilege. Once an applicant satisfies the statutory requirements, courts have discretion in whether to compel discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). The Supreme Court identified a non-exhaustive list of discretionary factors a court may consider. *Id.* Courts need not "address explicitly every [discretionary] factor." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015).

## DISCUSSION

### A. Threshold Statutory Requirements

To satisfy 28 U.S.C. § 1782(a), a petitioning party must show: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international

5

1  tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested
2  person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citation omitted).
3  Applicants satisfy all statutory requirements.

### 1. "Resides or is found" Requirement

"A district court of the district in which a person resides or is found" may compel discovery from that person. 28 U.S.C. § 1782(a). While the Ninth Circuit has not interpreted this portion of the statute, the Second Circuit held "resides or is found" extends to the limits of personal jurisdiction. *In re del Valle Ruiz*, 939 F.3d 520, 523-24 (2d Cir. 2019). A court has personal jurisdiction over corporations: 1) incorporated in the district or with a principal place of business in the district; 2) where the corporation "purposely avail[ed] itself of the privilege of conducting activities within the forum State"; 3) with consent; or 4) served within the district. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Burnham v. Superior Ct. of California, Cnty. of Marin*, 495 U.S. 604, 604-05 (1990). A party may consent by making a "general appearance" or filing a "responsive pleading…that fails to dispute personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney.").

Applicants satisfy the § 1782(a) jurisdiction requirement. Witnesses' websites indicate an office within the Northern District of California, *see*, *e.g.*, *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035-36 (N.D. Cal. 2016) (holding a corporation satisfied the § 1782 jurisdiction requirement by maintaining non-headquarter offices within the district). (Dkt. No. 1 at 5.) Applicants also served Witnesses in California.[2] (Dkt. No. 9 at 2-7.) Further, by filing a response without disputing jurisdiction, Witness Mastercard consented to jurisdiction, *see, e.g., Jackson*, 682 F.2d at 1347. (Dkt. No. 11.)

---

[2] Applicants served Paypal Holdings, Inc., Mastercard International Inc., Paypal, Inc., and Stripe, Inc. in Los Angeles county. (Dkt. No. 9 at 2-3, 5-6.) Applicants served Google LLC and Microsoft Corp. in Sacramento county. (Dkt. No. 9 at 4, 7.)

### 2. "Interested" Persons Requirement

An "interested person" under § 1782(a) includes parties whose "future [legal] proceeding is 'within reasonable contemplation.'" *Khrapunov*, 931 F.3d at 925 (citing *Intel Corp.*, 542 U.S. at 259).

Applicants are "interested persons" because they will be plaintiffs in anticipated copyright infringement litigation, *see*, *e.g.*, *In re Sungrove Co., Ltd.*, No. 22-MC-80036 KAW, 2022 WL 3904131, at *3 (N.D. Cal. Aug. 1, 2022), *report and recommendation adopted sub nom. In re Ex Parte Application of Sungrove Co., Ltd.*, No. 22-MC-80036 JSC, 2022 WL 3925288 (N.D. Cal. Aug. 30, 2022) (finding requirement satisfied when the applicant intended to file suit after § 1782 discovery revealed the identity of the potential defendant). (Dkt. No. 1 at 5-6.) Applicants' counsel opine Accused Infringers' actions constitute copyright infringement under Japanese and Vietnamese law. (Dkt. No. 3 ¶ 6; Dkt. No. 4 ¶ 5.)

### 3. "Foreign or International Tribunal" Requirement

A foreign tribunal is an adjudicative body "that exercises governmental authority conferred by a single nation." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2089 (2022). In contrast, an international tribunal is an adjudicative body "that exercises governmental authority conferred by two or more nations." *Id.*

Applicants intend to use this discovery to sue for copyright infringement in at least one foreign tribunal—a court with authority from the Japanese government and, potentially, a court with authority from the Vietnamese government. (Dkt. No. 1 at 5.)

\*\*\*

The Court may compel Applicants' discovery because they satisfy the § 1782 statutory factors.

### B. Discretionary Factors

Upon satisfying statutory requirements, courts have discretion to grant or deny § 1782 applications. *Intel Corp.*, 542 U.S. at 264. Courts should consider the following non-exhaustive list of factors:

> (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."

*In re Ex Parte Apple Inc.*, No. 12-MC-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (quoting *Intel Corp.*, 542 U.S. at 264-65). All discretionary factors favor Applicants.

### 1. Participation in Foreign Proceeding

"A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp.*, 542 U.S. at 264. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

This factor favors Applicants because Witnesses would not participate in the anticipated copyright infringement suit(s) and Japanese and Vietnamese courts may lack authority to compel Applicants' discovery, especially for information located in the United States. (Dkt. No. 1 at 3, 6.)

### 2. Nature of the Foreign Tribunal and Its Receptivity

Courts may deny § 1782 requests when "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court, or agency abroad to U.S. federal-court judicial assistance" counsels against. *Intel Corp.*, 542 U.S. at 264. This factor favors Applicants for three reasons.

First, Applicants' provided an unrebutted expert declaration stating Vietnamese tribunals would be receptive to the requested discovery, *see Application Pursuant to 28 U.S.C. § 1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*, 2017 WL 4647753, at *4 (N.D. Cal. Oct. 16, 2017), *aff'd*, 706 F. App'x 350, 351 (9th Cir. 2017) (affirming grant of § 1782 discovery when unrebutted expert declarations stated Japanese tribunals were receptive); *see also In re Sungrove Co., Ltd.*, 2022 WL 3904131, at *4 (recommending the district court grant discovery when a Japanese tribunal would likely use a defendant's identity revealed by § 1782 discovery). (Dkt. No. 4 at 3.)

Second, Applicants allege both Japanese and Vietnamese courts would be receptive to their requested discovery, *see In Re: Request for Judicial Assistance from the People's Court of Da

8

*Nang City, Vietnam in the matter of Van Thang Huynh, et al.*, 1:19-CV-02750 (N.D. Ill. 2019) (granting § 1782 discovery requested by a Vietnamese court); *see also Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898-99 (N.D. Cal. 2021) (granting § 1782 discovery when the applicant "represent[ed] that Japanese courts have been receptive in other matters to assistance in discovery from the United States"). (Dkt. No. 1 at 7.)

Third, no evidence suggests either Japanese or Vietnamese tribunals would reject using the identities uncovered by Applicants' discovery. *Compare*, *In re Republic of Ecuador*, 2011 WL 736868, at *7 (N.D. Cal. 2011) (granting discovery in the absence of evidence the foreign tribunal would reject the § 1782 discovery) *with Khrapunov*, 931 F.3d at 925-26 (explaining the receptivity factor disfavors discovery when the foreign tribunal proceeded to judgment without § 1782 discovery) *and In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1040 (holding the receptivity factor disfavors discovery when an amicus brief from the foreign tribunal requested the district court deny the § 1782 application).

### 3. Attempt to Circumvent Foreign Law

Courts should consider whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. But, § 1782 does not require applicants to show "that what is sought be discoverable in the foreign proceeding." *Advanced Micro Devices, Inc.*, 292 F.3d at 669; *see also Intel Corp.*, 542 U.S. at 253 ("We now hold that § 1782(a) does not impose such a [foreign-discoverability] requirement.").

Nothing in the record suggests Applicants' request attempts to circumvent Japanese or Vietnamese law. *See*, *e.g.*, *In re ex parte Application of Bitwallet PTE. LTD.*, No. 22-MC-80182 HSG, 2023 WL 1111505, at *3 (N.D. Cal. Jan. 30, 2023) (explaining "[c]ourts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'") (citation omitted). To the contrary, Applicants provide unrebutted expert declarations stating the proposed subpoenas do not violate restrictions in Japanese or Vietnamese law. (Dkt. No. 3 at 8; Dkt. No. 4 at 3.)

### 4. Unduly Intrusive or Burdensome Requests

9

1  Courts may "reject[] or trim[]" "unduly intrusive or burdensome requests." *Intel Corp.*,
2  542 U.S. at 265. For example, requests for names, addresses, telephone numbers and IP addresses
3  for five email accounts are not unduly intrusive or burdensome. *See London v. Does 1-4*, 279 F.
4  App'x 513, 514-16 (9th Cir. 2008). In contrast, requests to search email or messaging
5  conversations, especially over an undefined time are unduly intrusive or burdensome. *See, e.g.*, *In
6  re Barney*, No. 22-MC-80154 HSG, 2022 WL 17813142, at *3 (N.D. Cal. Dec. 19, 2022); *Rainsy
7  v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1113 (N.D. Cal. 2018).

8  Applicants' discovery is not burdensome because they seek names, addresses, telephone
9  numbers, email addresses, and IP addresses associated with at most nine accounts on Witnesses'
10 platforms within narrow temporal bounds, *see London*, 279 F. App'x at 514-16; *see also In re
11 Barney*, 2022 WL 17813142, at *3 (holding a request for IP address and subscriber information
12 associated with an email address and Facebook account narrowly tailored because the applicants
13 restricted discovery to a period of three months and did not seek content of communications).
14 (Dkt. No. 1 at 4; Dkt. No. 6-1 at 5; Dkt. No. 6-2 at 4; Dkt. No. 6-3 at 5-6; Dkt. No. 6-4 at 5; Dkt.
15 No. 6-5 at 4; Dkt. No. 6-6 at 4-5.)

16 Indeed, Applicants' discovery is less extensive than discovery courts find burdensome.
17 *See*, *e.g.*, *Rainsy*, 311 F. Supp. 3d at 1113 (holding searching social media conversations among 8
18 people over an unlimited time to identify communications about 6 specified topics unduly
19 burdensome); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1042-43 (rejecting
20 discovery as overly burdensome when not "narrowly tailored temporally, geographically or in
21 their subject matter."). Further, the only responding Witness, Mastercard, does not object to the
22 discovery as overly burdensome. (Dkt. No. 11 at 2).

23                                         ***

24 All *Intel* factors favor granting Applicants' discovery request.

25 **C. Breadth of Discovery for Mastercard**

26 Mastercard objects to Request Nos. 1-3 in Applicants' proposed subpoena. (Dkt. No. 11 at
27 2.) Mastercard alleges it "does not have any information responsive" to these requests. (Dkt. No.
28 11 at 2.) The Court may trim Applicant's discovery request considering Mastercard's objection.

United States District Court
Northern District of California

10

*See In re al Ibrahim*, No. 22-MC-00192 DSF-MAA, 2022 WL 18674434 (C.D. Cal. Oct. 31, 2022), *report and recommendation adopted sub nom. In re Ibrahim*, No. 22-MC-192 DSF-MAA, 2022 WL 16973297 (C.D. Cal. Nov. 16, 2022) (explaining "[a] district court has wide discretion to 'trim' as necessary discovery under Section 1782" and "[t]he 'trimming' may take the form of striking entire requests from a proposed subpoena" and recommending the district court strike some discovery requests prior to granting application) (cleaned up).

Because Mastercard asserts it simply does not have some responsive material, the Court strikes Request Nos. 1-3 from Applicants' proposed subpoena. (Dkt. No. 6-2 at 4; Dkt. No. 11 at 2.) The Court grants the following discovery from Mastercard:

> DOCUMENTS sufficient to identify the issuing bank(s) or financial institution(s) that issued the payment cards used to purchase the Cloudfare services identified at Exhibit 1.

(Dkt. No. 11 at 2.)

**CONCLUSION**

Because Applicants satisfy the statutory threshold requirements and the *Intel* factors favor granting, the Court GRANTS this application with amendments to the proposed subpoena for Mastercard as indicated.

This Order disposes of Docket Nos. 1, 11.

**IT IS SO ORDERED.**

Dated:

JACQUELINE SCOTT CORLEY
United States District Judge

11